## Gallaher's Estate.

142

*Eric A. McCouch,* for exceptant; *J. Claude Bedford,* contra.

VAN DUSEN, J., April 26, 1929.—Testator left his residuary estate in trust to pay to his mother for life "the one-half of the net income," and to his wife for life "the remaining one-half of the net income." Upon the death of both mother and wife, he gave "the net income from my whole estate" for the education of young men at Lafayette College:

"Provided, however, that after the death of my mother, Emily Jane Gallaher, should my nephew, Charles T. Gallaher be then living, I order and direct that the one-half of the income which she had received during her life, shall be given by my Trustees in such payments as they find possible, but not less than yearly, to Charles T. Gallaher, the remaining one-half part to be put into the trust fund as provided."

The phrase "the one-half of the income which she had received during her life" is ambiguous, as it is uncertain whether the antecedent of "which" is "the income" or "the one-half of the income." The word "the" before "one-half" would be equivalent to "the said," and would indicate that the reference is to the mother's whole share (which was one-half), if we did not find that testator used the same expression in giving the mother "the one-half" in the first place, where there is no antecedent to refer to. It may be only his mode of expression.

But the last clause of the proviso reads: "the remaining one-half part to be put into the trust fund as provided." The proviso is dealing only with the mother's income after the mother's death, and this cannot be a reference to the half of the whole income which was given to the widow. It must mean the other half of the mother's share; and this conclusively shows that the nephew is to get only one-half of that share.

The wife elected to take against the will, and as there were no children she took one-half. The mother during her lifetime received all the income of the remaining estate, following the legal death of the wife. The nephew must get half of what the mother got, and the conclusion of the Auditing Judge was right.

The exceptions are dismissed and the adjudication is confirmed absolutely.